**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3497-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JOSE ABARCA-LOZANO,

      Defendant-Appellant.

_____

          Submitted December 1, 2021 – Decided December 21, 2021

          Before Judges Gooden Brown and Gummer.

          On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 17-05-0233.

          Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

          Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Amanda Frankel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, who is not a United States citizen, pled guilty to criminal offenses and now appeals from the November 14, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following single point for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM HIM ADEQUATELY OF THE DEPORTATION CONSEQUENCES OF HIS PLEA.

We disagree and affirm.

Defendant was indicted and charged with third-degree burglary, N.J.S.A. 2C:18-2(a)(1) (count one); third-degree theft, N.J.S.A. 2C:20-3(a) (count two); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count three); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count four). On October 13, 2017, defendant entered a negotiated guilty plea to counts two and three, as amended, charging the disorderly persons offenses of theft and simple assault, respectively.

At the plea hearing, defendant admitted fighting with and striking his friend after he tried to take his friend's computer as repayment for a debt. Defendant also confirmed he understood that because he was not a United States

citizen, his "plea may result in [his] removal from the United States or stop [him] from becoming legally eligible to enter or re-enter the United States." Defendant stated he had "discussed with [an immigration] attorney potential immigration consequences of th[e] plea." Defendant acknowledged his immigration attorney had "answered all [his] questions" and, based on the attorney's advice, he "wish[ed] to enter th[e] guilty plea." On two separate occasions during the plea colloquy, defendant expressed satisfaction with the advice he had received from both his trial attorney and his immigration attorney and said he did not need any further time to discuss the immigration consequences of entering the plea with his immigration attorney.

Defendant also verified on the record the name and office location of the immigration attorney he had consulted. Additionally, defendant answered question seventeen in the plea form, indicating he was advised that his "guilty plea may result in [his] removal from the United States and/or stop [him] from being able to legally enter or re-enter the United States," and specifying that he had "discussed with an attorney the potential immigration consequences of [his] plea" and "still wish[ed] to plead guilty."

On December 1, 2017, defendant was sentenced to an aggregate one-year term of non-custodial probation in accordance with the plea agreement.

Subsequently, defendant was charged with probation violations. On September 10, 2018, defendant pled guilty to violating the terms of his probation by failing to report as directed, testing positive for cocaine, and being arrested while on probation. As a result, on September 24, 2018, defendant's probation was terminated without improvement, and he was sentenced to an aggregate thirty-days in the county jail.

On December 7, 2018, defendant filed a timely pro se PCR petition, asserting he received ineffective assistance of counsel because his attorney failed to adequately advise him of the impact of the 2017 guilty plea "on his immigration status." After he was assigned counsel, defendant submitted an amended petition, certifying "[he] was not truthful with the [c]ourt" during the plea hearing. Defendant averred that contrary to his sworn testimony on October 13, 2017, "[he] had never spoken with an immigration attorney prior to [his] plea" but did not speak up in court during the plea hearing because he was afraid to contradict his trial attorney's representation that he had consulted an immigration attorney. Defendant stated "[he] would not have pled guilty had [he] known [he] would be subjected to removal."

Following a non-evidentiary hearing conducted on November 13, 2019, the PCR judge entered an order on November 14, 2019, denying defendant's

PCR petition. In an accompanying written opinion, after reviewing the plea hearing colloquy and applying the governing principles, the judge concluded defendant failed to establish a prima facie case of ineffective assistance of counsel (IAC) "to satisfy the two-part . . . test" enunciated in Strickland v. Washington, 466 U.S. 668 (1984), to obtain either PCR relief or an evidentiary hearing.[1] The judge found "the [plea hearing] transcript plainly demonstrate[d] that [d]efendant did consult an immigration attorney" and, "after that consultation, decided to enter his guilty plea." Further, according to the judge, trial counsel "strongly advocated for [defendant] and engaged in extensive plea negotiations with the State," ensuring that defendant "did not plea[d] to an indictable offense nor get sentenced to a term of incarceration." This appeal followed.

On appeal, defendant argues the judge "should have held an evidentiary hearing on his ineffectiveness claim" because "counsel failed in his affirmative duty to inform [defendant] about the deportation consequences of his plea."

---

[1] To prevail on an IAC claim, a defendant must show that his attorney's performance was deficient and that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. See also State v. Fritz, 105 N.J. 42, 49-53 (1987) (adopting the Strickland two-part test for IAC claims).

The mere raising of a PCR claim does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of IAC under the Strickland two-pronged test, material issues of disputed fact lie outside the record, and resolution of the issues necessitate a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "However, where, as here, no evidentiary hearing was conducted, we . . . review the factual inferences the [trial] court has drawn from the documentary record de novo," as well as "the court's conclusions of law." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

Under Padilla v. Kentucky, 559 U.S. 356 (2010), to provide effective assistance of counsel to a non-citizen criminal defendant entering a guilty plea, "a defense attorney is required to address, in some manner, the risk of immigration consequences" with his or her client. Blake, 444 N.J. Super. at 295; see Padilla, 559 U.S. at 367 ("The weight of prevailing professional norms supports the view that counsel must advise [the] client regarding the risk of

deportation."). Failure to do so may "satisfy the first prong of Strickland." Padilla, 559 U.S. at 369. However, because the Padilla Court recognized that "[i]mmigration law can be complex," and "deportation consequences of a particular plea" may be "unclear or uncertain" in "numerous situations," ibid., "the specificity and definiteness of counsel's required advice varies with the clarity of the immigration law itself." Blake, 444 N.J. Super. at 295 (citing Padilla, 559 U.S. at 369); see also State v. Gaitan, 209 N.J. 339, 380 (2012) ("[A]ttorneys now have specific duties as to how they must advise pleading noncitizen criminal defendants, depending on the certainty of immigration consequences flowing from the plea.").

In Padilla, the non-citizen defendant pleaded guilty to transporting a large quantity of marijuana. 559 U.S. at 359. Because the immigration consequences of a drug offense described in 8 U.S.C. § 1227(a)(2)(B)(i)2 were "truly clear," and "command[ed] removal," the Padilla Court held the attorney was obliged to give advice that was equally clear. Id. at 368-69. On the other hand, in the "numerous situations in which the deportation consequences of a particular plea are unclear[,] . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse

immigration consequences."[2] Id. at 369; see also Gaitan, 209 N.J. at 381 (holding that where deportation is not mandatory, "counsel must highlight for noncitizen clients that entering a guilty plea will place them at risk of removal"). However, "when counsel provides false or affirmatively misleading advice about the deportation consequences of a guilty plea, and the defendant demonstrates that he would not have pled guilty if he had been provided with accurate information, an ineffective assistance of counsel claim has been established." Gaitan, 209 N.J. at 351.

Here, we agree with the judge that defendant failed to present a prima facie case of IAC because he failed to establish either prong of the Strickland test. First, defendant's certification that he had never spoken with an immigration attorney prior to his plea is belied by the record. The record clearly established that defendant had consulted with an immigration attorney, as a result of which he was prepared to plead guilty. As the Padilla Court recognized, "[s]ome members of the bar who represent clients facing criminal charges . . .

---

[2] Under 8 U.S.C. § 1227(a)(2)(A)(iii), a non-citizen "is deportable" if he commits an "aggravated felony." "'Aggravated felony' is defined to include numerous categories of offenses, 8 U.S.C. § 1101(a)(43), which sometimes makes it difficult to determine whether a State-defined crime falls within the federally-defined category." Blake, 444 N.J. Super. at 298, n.6. Here, defendant committed two disorderly persons offenses.

may not be well versed in [immigration law]." 559 U.S. at 369. Because "[t]he duty of the private practitioner in such cases is more limited," ibid., ensuring that defendant consulted with an immigration attorney, as occurred here, does not constitute deficient performance. See Blake, 444 N.J. Super. at 296 ("Counsel must also advise clients to seek immigration counseling." (citing Gaitan, 209 N.J. at 381)). We therefore view defendant's IAC claim to be a "bare assertion . . . insufficient to support a prima facie case of ineffectiveness," and we conclude the judge properly exercised his discretion in not conducting an evidentiary hearing. Cummings, 321 N.J. Super. at 171.

Second, regardless of defense counsel's advice, based on defendant's admissions to the judge during the plea colloquy, defendant clearly was aware that a guilty plea might result in his removal from the United States. "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Blake, 444 N.J. Super. at 299. On appeal, defendant asserts "[e]ven assuming for the sake of argument that [he] had consulted with an immigration attorney, plea counsel was still under a duty to discuss the matter with [him]." However, even if trial counsel did not discuss the immigration consequences with him, the fact that defendant received advice from an immigration attorney prior to pleading guilty precludes

a showing of prejudice.  Thus, under these circumstances, we find no basis to conclude defense counsel either misled defendant or otherwise failed to advise him in accordance with the standards set forth in Padilla and Gaitan to warrant PCR relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3497-19